IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 11-20036 |
| | ) | |
| CHARLES GOODWIN, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER

RICHARD MILLS, U.S. District Judge:

This case is before the Court on Defendant Charles Goodwin's Motion to Dismiss the Indictment and the Magistrate Judge's Report and Recommendation recommending that the Motion to Dismiss be denied. The Defendant has filed Objections to the Report and Recommendation. After considering the Parties' submissions, the Court will DENY the Defendant's Motion to Dismiss the Indictment and ADOPT the Report and Recommendation.

### I. BACKGROUND

On February 8, 1994, Defendant Charles Goodwin pled guilty to

Attempted Lewd and Lascivious Act with a child under the age of 16, a third degree felony under Florida law.  In 2006, Congress enacted the Sex Offender Registration and Notification Act (SORNA), which required convicted sex offenders to register and keep their registrations current in each jurisdiction in which the offender resides.  See 42 U.S.C. § 16913(a).  Federal law provides for imprisonment of up to ten years for any person who is a sex offender under SORNA to travel in interstate commerce and knowingly fail to register or update his registration as required.  See 18 U.S.C. § 2250(a).  SORNA further provides in part, "The Attorney General shall have the authority to specify the applicability of the requirements of this subchapter to sex offenders convicted before the enactment of this chapter or its implementation in a particular jurisdiction."  42 U.S.C. § 16913(d).

On February 28, 2007, the Attorney General issued an interim regulation making SORNA applicable "to all sex offenders, including sex offenders convicted of the offense for which registration is required prior to the enactment of that Act."  72 Fed. Reg. 8897 (codified at 28 C.F.R. §

72.3) ("the Regulation").

On July 13, 2011, the grand jury in this district issued an Indictment charging Goodwin with violating SORNA. Specifically, it alleged:

> From on or about September 2008 through June 19, 2011, in Vermillion County, in the Central District of Illinois, and elsewhere,
> CHARLES GOODWIN,
> defendant herein, an individual required to register as a sex offender under the Sex Offender Registration and Notification Act ("SORNA"), after receiving a felony conviction in February of 1994, in the State of Florida for Attempted Lewd and Lascivious Act with a Child Under 16 Years of Age, knowingly failed to register and update a registration, as required by SORNA, after leaving the State of Florida and thereafter traveled in interstate commerce to the State of Illinois.

See Indictment [d/e 1].

Goodwin filed a motion to dismiss [d/e 15] the Indictment. Following the Government's response [d/e 17], United States Magistrate Judge Byron G. Cudmore issued a Report and Recommendation [d/e 18], wherein he recommended that Goodwin's motion be denied. Goodwin requests a de novo review of the Report and Recommendation.

## II. DISCUSSION

Pursuant to Rule 12(b)(3)(B) of the Federal Rules of Criminal

3

Procedure, a defendant may file a pretrial motion that challenges the sufficiency of the indictment. Goodwin raises a purely legal challenge, moving to dismiss the Indictment on the grounds that the Regulation is unconstitutional because Congress was not authorized to delegate its legislative authority to the Attorney General.

"Congress generally cannot delegate its legislative power to another branch." See Mistretta v. United States, 488 U.S.C. 361, 372 (1989). In those instances when delegation is permitted, Congress must "lay down by legislative act an intelligible principle to which the person or body authorized to [act] is directed to conform." J.W. Hampton, Jr. & Co. v. United States, 276 U.S. 394, 409 (1928). In considering a non-delegation challenge, the Supreme Court has determined that a statute is "constitutionally sufficient if Congress clearly delineates the general policy, the public agency which is to apply it, and the boundaries of the delegated authority." See American Power & Light Co. v. Securities and Exchange Commission, 329 U.S. 90, 105 (1946). "[S]ince 1935, the Supreme Court has not struck down a single statute as an impermissible delegation of

4

legislative power." United States v. Ambert, 561 F.3d 1202, 1213 (11th Cir. 2009).

In the Report and Recommendation, Judge Cudmore notes that the circuit courts of appeal which have considered the issue have all determined that pursuant to SORNA § 16913(d), Congress constitutionally authorized the Attorney General to promulgate a regulation, and the Regulation is a constitutional exercise of that authority. See United States v. Stevenson, __ F.3d __, 2012 WL 573326, at *4, n.3 (6th Cir. Feb. 23, 2012); United States v. Guzman, 591 F.3d 83, 91-93 (2d Cir. 2010); United States v. Whaley, 577 F.3d 254, 263-64 (5th Cir. 2009); Ambert, 561 F.3d at 1213-14; United States v. Dixon, 551 F.3d 578, 584 (7th Cir. 2008), rev'd on other grounds sub nom, Carr v. United States, 130 U.S. 2229 (2010).

In Dixon, the United States Court of Appeals for the Seventh Circuit observed that "[i]t is commonplace and constitutional for Congress to delegate to executive agencies the fleshing out of criminal statutes by means of regulations." Dixon, 551 F.3d at 584. Although Goodwin claims that the Seventh Circuit cited no authority for this proposition, which he alleges

5

is significant because the authoritativeness of Dixon is now in question after it was overruled on other grounds, Goodwin is incorrect. In support of the conclusion, the Seventh Circuit cited cases from the United States Supreme Court and the United States Court of Appeals for the Fourth Circuit. See id. (citing Touby v. United States, 500 U.S. 160, 165-69 (1991); United States v. Arch Trading Co., 987 F.2d 1087, 1093-94 (4th Cir. 1993)).

Although Dixon is no longer binding authority, the Seventh Circuit's determination that the congressional regulatory authorization in SORNA § 16913(d) is constitutional is consistent with the view of the other circuit courts that have addressed the issue. Accordingly, the Court agrees with Judge Cudmore that Dixon's holding on that specific issue remains good law within the Seventh Circuit.

Goodwin also relies on the recent Supreme Court decision in Reynolds v. United States, __ U.S. __, 132 S. Ct. 975 (2012). The Supreme Court held that SORNA did not apply to sex offenders who were convicted before the enactment of SORNA until the date that the Regulation became

6

effective.  See Reynolds, 132 S. Ct at 978.  Reynolds made the same non-delegation argument before the district court that Goodwin now makes in the Motion.  Id. at 980 (noting that Reynolds alleged that the "Interim Rule" violated the Constitution's "nondelegation" doctrine).  However, the court of appeals and Supreme Court did not address the delegation issue.  See United States v. Reynolds, 380 F. App'x 125 (3d Cir. 2010); Reynolds, 132 S. Ct. at 981 ("[W]e express no view on Reynolds' related constitutional claim").  Goodwin does not contest whether the Regulation was in effect when he moved to Illinois in September 2008.  Reynolds, therefore, does not address whether the congressional regulatory authorization in SORNA § 1693(d) is constitutional.

Goodwin alleges that the Report and Recommendation failed to properly consider the reasoning advanced in Justice Scalia's dissent in Reynolds.[1]  While acknowledging that the reasoning may have been dicta since the nondelegation issue was not before the Court, Goodwin notes that courts "should respect considered Supreme Court dicta."  See Nichol v.

---

[1] Justice Ginsburg joined Justice Scalia's dissent.  See Reynolds, 132 S. Ct. At 985.

7

Pullman Standard, Inc., 889 F.2d 115, 120 n.8 (7th Cir. 1989). Justice Scalia observed that any suggestion that the Attorney General had discretion to determine "whether the registration requirement would ever apply to pre-Act Offenders" would raise serious constitutional concerns. See Reynolds, 132 S. Ct. at 986 (emphasis in original). Justice Scalia further stated:

> Indeed, it is not entirely clear to me that Congress can constitutionally leave it to the Attorney General to decide–with no statutory standard whatever governing his discretion–whether a criminal statute will or will not apply to certain individuals. That seems to me sailing close to the wind with regard to the principle that legislative powers are nondelegable . . . .

Id. Although Justice Scalia and Justice Ginsburg have serious concerns about the constitutionality of the delegation to the Attorney General in SORNA § 16913(d), this Court declines to presume that a majority of Supreme Court Justices will share that concern if and when the Supreme Court considers that issue.

The Court will follow the Seventh Circuit's reasoning in Dixon, which is consistent with the views of the other circuit courts of appeal. Goodwin's

Motion to Dismiss the Indictment will be Denied and the Court will Adopt Judge Cudmore's Report and Recommendation.

Ergo, the Motion of Defendant Charles Goodwin to Dismiss the Indictment [d/e 15] is DENIED. The Court hereby ADOPTS United States Magistrate Judge Byron G. Cudmore's Report and Recommendation [d/e 18], which recommended that the Motion be Denied.

ENTER: March 22, 2012

FOR THE COURT:

                                          s/Richard Mills
                                          RICHARD MILLS
                                          UNITED STATES DISTRICT JUDGE